IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE, WASHINGTON

| | |
|---|---|
| JOHN DOE, as father and natural guardian of, JANIE DOE, a minor, | AT LAW AND IN ADMIRALTY |
| Plaintiff, | |
| v. | NO: 17-cv- |
| HOLLAND AMERICA LINE N.V. d/b/a HOLLAND AMERICA LINE N.V. LLC, HAL ANTILLEN N.V. LLC, HOLLAND AMERICA LINE INC., and HOLLAND AMERICA LINE-USA INC., owners/operators of the M/S VEENDAM, | PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

JURY TRIAL DEMANDED |
| Defendants._____/ | |

COMES NOW the Plaintiff, JOHN DOE, as natural father and legal guardian of JANIE DOE, a minor (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, HOLLAND AMERICA LINE N.V. d/b/a HOLLAND AMERICA LINE N.V. LLC, HAL ANTILLEN N.V. LLC, HOLLAND AMERICA LINE INC., and HOLLAND AMERICA LINE-USA INC., (hereinafter collectively referred to as, "HOLLAND AMERICA" or "Defendants"), and alleges:

## THE PARTIES

1. The Plaintiff JOHN DOE is the father and natural guardian of the minor child named herein as JANIE DOE. The Plaintiff is, and at all times material hereto, was a resident and citizen of the

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 1

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

State of California. At the time of the subject incident, JANIE DOE was 15 years and 2 months old and at all times material hereto, was and is a resident and citizen of the State of California. JANIE DOE was a passenger on the cruise ship *MS VEENDAM* (hereinafter "The Vessel") owned and operated by the Defendants. The names "JOHN DOE and JANIE DOE" are a generic reference to the Plaintiff and the minor on whose behalf this lawsuit is brought and their identity should not be public record due to the nature of the events in this matter. The Defendants are aware of the identity of the Plaintiff and of JANIE DOE.

2. The Defendant HOLLAND AMERICA LINE N.V. d/b/a HOLLAND AMERICA LINE N.V. LLC is and at all times material hereto was a foreign corporation with its principal place of business in Seattle, Washington, doing business in King County Washington, and which lists its registered agent with the Washington Secretary of State as Holland America Line Inc., a corporation authorized and existing under the laws of the state of Washington. At all times material hereto, Defendant operated The Vessel and/or was responsible for the acts that caused the subject incident and injuries and for the hiring, screening, training, monitoring, and/or supervising of GEDE SUKRANTARA (hereinafter, "SUKRANTARA"), the crewmember who perpetrated the subject sexual assault, rape, and false imprisonment on JANIE DOE on The Vessel.

3. The Defendant HAL ANTILLEN N.V. LLC is and at all times material hereto was a foreign corporation doing business in King County, Washington, was and is a subsidiary of Carnival Corporation & PLC, which held title to, owned, and/or operated The Vessel on which this incident occurred, and which was responsible for the negligence that caused the subject incident and injuries and employed and/or was responsible for the hiring, screening, training, monitoring, and/or supervising of SUKRANTARA.

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 2

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

4. The Defendant HOLLAND AMERICA LINE INC. is and at all times material hereto was a corporation authorized and existing under the laws of the state of Washington, has its principal place of business in Seattle, Washington, does business in King County, Washington, operated The Vessel on which the subject incident occurred, was responsible for the negligence that caused the subject incident and injuries, and employed and/or was responsible for the hiring, screening, training, monitoring, and/or supervising of SUKRANTARA.

5. The Defendant HOLLAND AMERICA LINE-USA INC. is and at all times material hereto was a corporation authorized and existing under the laws of the state of Delaware, has its principal place of business in Seattle, Washington, does business in King County, Washington, operated The Vessel on which the subject incident occurred, was responsible for the negligence which caused the subject incident and injuries, and employed and/or was responsible for the hiring, screening, training, monitoring, and/or supervising of SUKRANTARA.

## JURISDICTION

6. This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 as the Plaintiff is completely diverse from the Defendants and the amount in controversy far exceeds the minimum jurisdictional amount of $75,000.00, exclusive of interest, costs and attorneys' fees. This Court also has federal question subject matter jurisdiction under 28 U.S.C. § 1331 as to the civil remedy claim brought under 18 U.S.C. § 2255.

7. This Court has personal jurisdiction over the Defendants and venue is proper as:

    a. Defendants have their principal place of business and/or have offices located in Seattle, Washington;

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 3

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

    b. Defendants conduct substantial business within the State of Washington, including, but not limited to, operating cruises from Seattle;

    c. Defendants committed one or more acts as set forth in the Revised Code of Washington Section 4.28.185, which submits the Defendants to jurisdiction and venue of this Court; and,

    d. Defendants submitted to the jurisdiction of this Court via the subject cruise ticket contract.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and personal jurisdiction lies as to all Defendants because at all times material hereto one or more of the Defendants have their principal place of business in this District, have an office and agents in this District to conduct business here, actually conduct and engage in substantial business activity in this District, engaged in the acts of negligence more fully described herein in this District, and have designated this Court as the proper venue in the venue selection clause in the terms and conditions of the passenger ticket contract.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## GENERAL ALLEGATIONS

10. The incident which is the subject of this civil action occurred on or about January 15, 2017 while The Vessel was in navigable waters and within the "special maritime and territorial jurisdiction of the United States" as defined by 18 U.S.C. § 7.

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 4

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

11.  At all times material hereto, JANIE DOE was a fare paying customer on The Vessel owned and/or operated by the Defendants and occupied the status of passenger on the subject cruise ship.

12.  JANIE DOE boarded The Vessel on or about January 4, 2017 for a two-week cruise.

13. Defendants advertise the CLUB HAL® YOUTH PROGRAM as Holland America Line's youth activities program, which "offers an array of entertaining events for kids and teens ages 3-17, **supervised by a full-time, professionally trained staff."**

14. Defendants advertise safety as a priority of the CLUB HAL program. "Safety is our primary concern and strict policies are in place for effective supervision."

15.  Throughout the duration of the cruise, JANIE DOE participated in the CLUB HAL youth program on multiple occasions, often under the supervision of LILY WHITEHOUSE, a youth staff member employed by Defendants.

16.  At all times material hereto, SUKRANTARA was employed as a waiter by Defendants.

17.  On the date alleged in Paragraph 10 above, SUKRANTARA was twenty-six years old.

18.  Throughout the duration of the cruise, SUKRANTARA repeatedly attempted to fraternize with JANIE DOE in violation of Defendants' shipboard policies and procedures designed to protect passengers.

19.  Upon information and belief, several crew members of various positions and rankings witnessed and were aware of improper fraternization attempts by SUKRANTARA directed at JANIE DOE yet did nothing to reprimand or relieve SUKRANTARA of his duties and/or protect JANIE DOE.

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 5

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

20. On or about January 14, 2017, JANIE DOE informed WHITEHOUSE, while in the presence of ERIKA FORTIN, another crew member employed by Defendants, that a Lido crew member was being flirtatious with her and inquiring about her age.

21. Rather, than reporting the crewmember to supervisors or acting to protect the minor child who was obviously uncomfortable with the crew member's behavior, WHITEHOUSE told the child to tell the "flirtatious" crewmember that she was 13 years-old so that he would leave her alone.

22. On the date alleged in Paragraph 10 above, JANIE DOE attended a cruise sponsored youth event aboard The Vessel with WHITEHOUSE present as the youth staff member. After the event, JANIE DOE walked to the ship's Lido deck (Deck 11) for a snack.  While at the Lido deck, SUKRANTARA made small talk with JANIE DOE.  After some time, JANIE DOE left the Lido Deck and headed to the Sky Deck (Deck 12) and on her way stopped at a restroom designated for women located near the CLUB HAL area. Unbeknownst to JANIE DOE, SUKRANTARA followed her to the women's restroom.  SUKRANTARA proceeded to push on the restroom door preventing the door from closing and then forced his way into the restroom, locking the door after him.  In the restroom, SUKRANTARA pushed JANIE DOE against the wall.  JANIE DOE yelled at him to get off her, get out of the restroom and to leave her alone.  SUKRANTARA refused and continued his assault.  SUKRANTARA then threatened JANIE DOE to tell everyone that it was her idea and that she was "easy to get" if she did not stop yelling.  SUKRANTARA then started to forcefully kiss JANIE DOE and touch her body under her clothing.

23. JANIE DOE locked up her body, refusing to allow SUKRANTARA to touch her private parts.  SUKRANTARA removed his shirt as he pinned JANIE DOE against the wall.  He then

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 6

Moure Law, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

continued with his attempts to kiss her and rubbed his hands over her body. JANIE DOE repeatedly told him to get off her, to stop and that she did not want to engage in any sexual activity with him.

24. SUKRANTARA asked JANIE DOE to take him to her stateroom and she refused asking if she could leave. SUKRANTARA then tried to push JANIE DOE over the toilet and attempted to vaginally penetrate her with his penis. JANIE DOE again yelled "no" and tried to escape the restroom. SUKRANTARA once again pushed her against the wall. SUKRANTARA tried to push JANIE DOE to the ground; JANIE DOE resisted. In the ensuing struggle, SUKRANTARA succeeded in positioning JANIE DOE in the corner of the restroom. While in the corner, SUKRANTARA pushed JANIE DOE down while he tried to force her mouth open. SUKRANTARA succeeded in opening JANIE DOE's mouth and then inserted his penis inside her mouth. JANIE DOE again attempted to get up but SUKRANTARA kept pushing her down. SUKRANTARA eventually ejaculated onto her mouth, face, and clothing.

25. SUKRANTARA then told JANIE DOE to take a picture of him "so she could always remember" and that he would give her his email so she could send it to him and they could talk. JANIE DOE refused and SUKRANTARA again pressed her to take a picture. Wanting to end the horrific sexual assault and fearing that the assault would otherwise continue, JANIE DOE took the picture.

26. As a result of the acts perpetrated by SUKRANTARA, JANIE DOE suffered physical, emotional, and psychological injuries requiring medical and psychological treatment.

27. Defendants employees' failure to take appropriate action while being aware that SUKRANTARA was violating shipboard policies and procedures prohibiting fraternization with minor passengers allowed SUKRANTARA to perpetrate his assault and rape upon JANIE DOE and

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 7

Moure Law, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

showed reckless disregard for the safety of JANIE DOE, a minor passenger trusted to the care and supervision of Defendants' employees, in particular those employees in charge of the CLUB HAL® YOUTH PROGRAM.

## COUNT I
## NEGLIGENCE

28. Plaintiff re-alleges all allegations pled in paragraphs 1 through 27 above as if alleged fully herein.

29. Defendants owed JANIE DOE the legal duty to exercise reasonable care under the circumstances for her safety.

30. Defendants had a duty to live up to the representations made to the public, which were made to induce the public, including families, to choose this cruise line and this vacation and to purchase tickets for this cruise.

31. Defendants breached their duty to provide JANIE DOE with reasonable care under the circumstances by their failures and by their choices of rules, regulations, policies, and procedures and by their other actions and conduct including but not limited to the following:

   a. Failing to warn passengers that the ship is not a safe place for minor females, that there are predators among the crew, and that the security systems and personnel onboard ship were not adequate to protect passengers from crewmembers attacking passengers in common and/or public restrooms;

   b. Failing to make, create, and maintain a safe environment for minor passengers as advertised;

   c. Failing to fulfill their representations made in their literature, website, and

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 8

Moure Law, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

otherwise about the safety and security of minor passengers onboard;

d. Failing to fulfill their representations made in their literature, website, and otherwise about the strict policies in place for effective supervision of minors participating in the CLUB HAL YOUTH PROGRAM;

e. Failing to implement reasonable and adequate security policies, security measures, and security procedures necessary to protect minor passengers participating in the CLUB HAL YOUTH PROGRAM;

f. Failing to implement and/or enforce reasonable and proper procedures for the safety and security of the passengers onboard the ship including the safety of minor female passengers;

g. Failing to promulgate and/or enforce reasonable and proper rules, regulations, policies, and/or procedures for their crewmembers regarding interaction with minor passengers;

h. Failing to implement and/or enforce procedures designed to address improper fraternization attempts by crewmembers with minor passengers;

i. Failing to promulgate and/or enforce policies and/or procedures designed to prevent crewmembers from sexually assaulting and/or raping minor passengers aboard the ship;

j. Failing to reasonably and properly screen, hire, train, monitor, and retain employees;

k. Failing to provide adequate training for their crewmembers/employees in regard to interactions with passengers, including minor passengers;

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 9

Moure Law, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

l. Failing to recruit crew from countries where proper and reliable background checks into criminal, vocational, and mental health histories can be obtained;

m. Failing to perform a thorough and complete background check of SUKRANTARA or hiring him from a location which does not have sufficient record keeping to expose incidents which would alert Defendants of criminal activities of its crewmembers including SUKRANTARA;

n. Failing to adequately supervise SUKRANTARA thereby enabling him to follow JANIE DOE into a women's restroom wherein he carried out his sexual assault on her;

o. Continuing to employ and retain as a crewmember a person who Defendants knew or should have known was a danger to female passengers;

p. Failing to have video surveillance in common area hallways, balconies, outside and in the immediate area of public restrooms and other areas to allow the vessel to monitor the activities of its passengers and crew and to deter crew from committing crimes and violent acts onboard;

q. Creating workplace conditions such that sexual crimes are foreseeable;

r. Failing to develop, implement, and/or enforce reasonable and proper workplace criteria to reduce and/or eliminate: excessive work hours, excessive work demands and/or excessively long contracts of employment at sea and away from friends and family sufficient to reduce the likelihood of violent acts and/or sexual assaults by employees/crew members upon passengers;

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 10

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

s. Failing to develop, implement, and/or enforce workplace environment improvements to reduce the likelihood of violent acts and/or sexual assaults by employees/crew members upon passengers;

t. Failing to implement reasonable and proper methods to prevent crime by their crewmembers against passengers;

u. Failing to comply with applicable industry and other standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence;

v. Failing to take additional security measures after being put on notice that the security measures in force are inadequate;

w. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

x. Failing sufficiently to monitor and supervise the conduct, activities, and whereabouts of its crew onboard its own cruise ship;

y. Failing to provide sufficient security personnel to be able to adequately monitor the activities of people and the physical plant of the ship and to respond to emergencies timely and adequately so as to prevent injuries to personnel onboard including passengers such as JANIE DOE;

z. Failing to make, create, and maintain a safe environment for passengers in restrooms and common areas; and/or

aa. Violating the International Safety Management Code by failing to have an adequate Safety Management System Manual and/or failing to adequately implement and

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 11

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

follow the Safety Management System Manual they have, as it related to protecting passengers from sexual assault and/or rape aboard Defendants' vessels.

32. As a result of Defendants' negligence alleged in the preceding paragraph, JANIE DOE suffered physical and psychological injuries, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, as well as incurred expenses of medical care and treatment. These damages are continuing and/or permanent.

WHEREFORE, the Plaintiff demands judgment against HOLLAND AMERICA for all damages to which he is entitled under the General Maritime Law and otherwise including but not limited to all compensable damages suffered by JANIE DOE in the past and in the future including but not limited to: expenses for medical and psychological care and treatment; bodily and psychological injury, pain, suffering, mental anguish, loss of the enjoyment of life; punitive damages, all taxable court costs and prejudgment interest accruing from the date of the incident and all other damages which the Court deems just and proper.

## COUNT II
## STRICT LIABILITY
## PHYSICAL ASSAULT, BATTERY, SEXUAL ASSAULT
## SEXUAL BATTERY AND RAPE OF PASSENGER BY CREWMEMBER

33. The Plaintiff, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 27 above.

34. As a common carrier, HOLLAND AMERICA is strictly liable and responsible for the intentional torts committed by its crewmembers and/or employees including that of SUKRANTARA against its passengers including JANIE DOE.

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 12

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

35. As more fully alleged in Paragraphs 22 – 24 above, SUKRANTARA committed the intentional torts of assault, battery, sexual assault, sexual battery, and rape against JANIE DOE as he knowingly physically and sexually assaulted and battered as well as raped JANIE DOE against her will in the women's restroom aboard the subject cruise ship.

36. As a result of SUKRANTARA's physical and sexual assault and battery as well as rape against her, JANIE DOE suffered physical and psychological injuries, pain and suffering, mental anguish, loss of capacity for the enjoyment of life as well as incurred expenses of medical care and treatment.  These damages are continuing and/or permanent.

WHEREFORE, the Plaintiff demands judgment against HOLLAND AMERICA for all damages to which he is entitled under the General Maritime Law and otherwise including but not limited to all compensable damages suffered by JANIE DOE in the past and in the future including but not limited to: expenses for medical and psychological care and treatment; bodily and psychological injury, pain, suffering, mental anguish, loss of the enjoyment of life; punitive damages, all taxable court costs and prejudgment interest accruing from the date of the incident and all other damages which the Court deems just and proper.

## COUNT III
## STRICT LIABILITY FOR
## FALSE IMPRISONMENT OF PASSENGER BY CREWMEMBER

37. The Plaintiff, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 27 above.

38. As a common carrier, HOLLAND AMERICA is strictly liable and responsible for the intentional torts committed by its crewmember and/or employee including that of SUKRANTARA against its passengers including JANIE DOE.

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 13

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

39. SUKRANTARA falsely imprisoned JANIE DOE by intentionally restricting her movement and confining her to the subject women's restroom over JANIE DOE's pleas to leave. Such imprisonment was unlawful as there was no legal or contractual justification for SUKRANTARA to confine JANIE DOE in the women's restroom as he was carrying out his attack.

40. As a direct and proximate result of SUKRANTARA's false imprisonment of her, JANIE DOE suffered physical and psychological injuries, pain and suffering, mental anguish, loss of capacity for the enjoyment of life as well as incurred expenses of medical care and treatment. These damages are continuing and/or permanent.

WHEREFORE, the Plaintiff demands judgment against HOLLAND AMERICA for all damages to which he is entitled under the General Maritime Law and otherwise including but not limited to all compensable damages suffered by JANIE DOE in the past and in the future including but not limited to: expenses for medical and psychological care and treatment; bodily and psychological injury, pain, suffering, mental anguish, loss of the enjoyment of life; punitive damages, all taxable court costs and prejudgment interest accruing from the date of the incident and all other damages which the Court deems just and proper.

## COUNT IV
## STRICT LIABILITY
## FOR CIVIL REMEDIES PURSUANT TO 18 U.S.C. § 2255

41. The Plaintiff, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 27 above.

42. As a common carrier, HOLLAND AMERICA is strictly liable for the actions of SUKRANTARA including the civil penalties provided under 18 U.S.C. § 2255(a).

43. 18 U.S.C. § 2255(a) provides:

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 14

**Moure Law, PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

44. 18 U.S.C. § 2242 provides:

> Whoever, in the special maritime and territorial jurisdiction of the United States… knowingly—
> **(1)** causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); or
> **(2)** engages in a sexual act with another person if that other person is—
> **(A)** incapable of appraising the nature of the conduct; or
> **(B)** physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

45. SUKRANTARA violated 18 U.S.C. §§ 2242(1) by: (1) knowingly causing JANIE DOE to engage in a sexual act or acts by using force against her by threatening her and/or placing her in fear as more fully alleged in paragraphs 22 through 24 above; and/or, (2) engaging in a sexual act with JANIE DOE who was (A) incapable of appraising the nature of his conduct and/or (B) physically incapable of declining participating in the sexual act as more fully alleged in paragraphs 22 through 24 above.

46. 18 U.S.C. § 2243 provides:

> **(a)OF A MINOR.—**Whoever, in the special maritime and territorial jurisdiction of the United States … knowingly engages in a sexual act with another person who—

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 15

Moure Law, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293

**(1)** has attained the age of 12 years but has not attained the age of 16 years; and
**(2)** is at least four years younger than the person so engaging; or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

47. SUKRANTARA, who was twenty-six years of age, violated 2243(a)(1) by knowingly engaged in a sexual act with JANIE DOE, a minor who was fifteen years of age, as more fully alleged in paragraphs 22 through 24 above.

48. As a direct result of the foregoing, JANIE DOE has suffered actual damages, including psychological, emotional, and physical injuries; mental anguish; and the loss of enjoyment of life. These injuries are continuing and/or permanent in nature.

WHEREFORE, Plaintiff on behalf of JANIE DOE demands judgment against HOLLAND AMERICA for all actual compensatory damages provided under 18 U.S.C. § 2255(a) including attorneys' fees and taxable costs and further relief the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all **issues so triable.**

Dated: December 13, 2017

**Respectfully submitted,**

**BRAIS & ASSOCIATES, P.A.**
Attorney for Plaintiff
(Subject to admission Pro Hac Vice)
9300 S. Dadeland Blvd., Suite 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile: (305) 416-2902
KEITH S. BRAIS, ESQ.
Fla. Bar. No. 863319

**MOURE LAW, PLLC**
Attorney for Plaintiff
1700 7th Ave, Suite 2200
Seattle, WA 98101
Telephone: (206) 695-9202
Facsimile: (206) 374-2293

By: s/Charles Moure
   CHARLES P. MOURE, ESQ.
   WSBA No. 2371

PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY - 16

Moure Law, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 695-9202
Fax: (206) 374-2293